GRANTWOOD LUMBER COMPANY, A CORPORATION, PROS-ECUTOR, v. NICHOLAS J. SCHWEITZER, RECORDER OF THE BOROUGH OF CLIFFSIDE PARK IN THE COUNTY OF BERGEN, AND BOROUGH OF CLIFFSIDE PARK IN THE COUNTY OF BERGEN, DEFENDANTS.

Submitted May 18, 1929—Decided November 14, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *J. Emil Walscheid.*

For the defendants, *Arthur M. Agnew.*

PER CURIAM.

This writ of *certiorari* brings up for review a conviction of the prosecutor for violating section 2 and subdivision 4 of section 6 of the zoning ordinance of the borough of Cliffside Park, approved September 27th, 1920, in that the prosecutor made a use of its premises not allowed by such ordinance.

The prosecutor contends that the ordinance was never lawfully adopted in that it was never properly finally passed, and for that reason, among others, the conviction should be set aside.

Upon careful consideration we feel constrained to think that there is merit in this contention.

The ordinance upon which the conviction is founded is said to have been passed pursuant to the provisions of chapter 240, laws of 1920, page 455, a supplement to the Home Rule act. That supplement provides (among other things) that:

"1. The governing body of each and every municipality in this state shall have power by ordinance to regulate and restrict the location thereafter of trades and industries and the subsequent location of buildings designed for a specified use in any designated area, and may divide the municipality into districts of such number, shape and area as it may deem best suited to carry out the purpose of this act," &c.

The Home Rule act (chapter 152, article 10, section 1, as amended by *Pamph L.* 1918, *ch.* 163, *p.* 478), reads:

"No ordinance shall be finally passed unless it has been read in substantially its final form at a meeting held at least one week prior to its final passage," &c.

The prosecutor points to the last quoted provision and says that it was not complied with in the passage of the ordinance. That seems to be so, in that the record laid before us discloses, as we shall more fully point out, that the ordinance was finally passed on the same day that it was amended in respect to a substantial matter. The record discloses that the original ordinance was introduced and received its first reading on August 23d, 1920; that notice of intention to consider the final passage of the ordinance on September 13th, 1920, was given; that on September 13th, 1920, a hearing was held and "the ordinance was continued on its first reading;" that on September 27th, 1920 (a regular meeting), it was resolved by a unanimous vote that the ordinance "be amended so as to make the area fronting on the westerly side of Palisade avenue, from Franklin avenue

north to the northerly boundary line, changed from a business district to a one-family dwelling district, and that the area fronting on the westerly side of Palisade avenue from Oakdene avenue north to Washington avenue, be changed from a business district to a one-family dwelling district, and that the map be changed accordingly." At this same meeting at which the ordinance was thus amended, to quote from the minutes, "the ordinance as amended was then taken up on second reading—Ayes: Councilmen Sammis, Flood, McGuire, McAvoy and Post. Nays: None. On motion of Councilman Flood, seconded by McGuire, the ordinance was passed on third reading and final passage. Ayes: Councilmen Sammis, Flood, McGuire, McAvoy and Post. Nays: None."

It will therefore be seen that the ordinance in question, as amended, had its only reading on September 27th, 1920, the date of its final passage. This fact is not disputed by the defendants; on the contrary, it is admitted. But the defendants through their counsel say (and this is all that is said in this connection) that "at this meeting, before final action was taken, a minor amendment was adopted changing, in a very small way, the ordinance in question. From an examination of the zoning map it will be seen that the amendment did not change the ordinance in substance."

We believe that to be a mistaken and erroneous view. The ordinance introduced was a zoning ordinance, its object being to divide the borough into areas and to define the uses to which property could be put in each area. The ordinance as introduced showed the divided areas and the uses to each allocated in full on a map accompanying and made part of the ordinance. On that map, two certain areas, hereinbefore referred to, one fronting on the westerly side of Palisade avenue from Franklin avenue north to the northerly boundary line, and one fronting on the westerly side of Palisade avenue from Oakdene avenue north to Washington avenue, were laid out on the map and marked thereon as business districts. The change made was unquestionably a change in essence or substance. That the above areas should be open or restricted

to business purposes as business districts was no less of the very essence and substance of the ordinance than that any other area in the borough of Cliffside Park should be similarly or otherwise limited. That those areas should be so open or restricted was certainly no mere matter of form to the owners of properties. That those areas should be so open or restricted necessarily affected the property adjacent thereto and was inseparably bound up in and intertwined with the uses allocated to the other properties of the borough and with the entire zoning plan. The changes made not merely changed entirely and substantially the uses of those areas to the owners thereof but necessarily carried with them a chain of consequential effects to the property immediately adjacent thereto and to all the remaining territory of the borough.

Upon the authority of *Rutgers College Athletic Association* v. *New Brunswick, 55 N. J. L.* 279, and *State* v. *Newark,* 30 *Id.* 303, we consider that the ordinance in question was not legally adopted, and therefore the conviction in the present case must be set aside, with costs.